```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION


TWIN CITY FIRE INSURANCE COMPANY                          PLAINTIFF

VS.                            CIVIL ACTION NO. 5:15-cv-111(DCB)(MTP)

JOSEPH B. MOFFETT                                         DEFENDANT
```

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court on the plaintiff Twin City Fire Insurance Company ("Twin City")'s Motion for Judgment on the Pleadings and to Dismiss Counterclaims **(docket entry 7)**. Having carefully considered the plaintiff's motion and the defendant's response, the memoranda of the parties and the applicable law, and being fully advised in the premises, the Court finds as follows:

Twin City brought this action against the defendant, Joseph B. Moffett ("Moffett"), seeking a Declaratory Judgment regarding the parties' rights and obligations in connection with an insurance policy issued by Twin City to Moffett, providing lawyer's professional liability coverage.  Two lawsuits ("the Malpractice Actions") were brought against Moffett based on his alleged failure to prosecute his clients' wrongful death claims.  The Twin City policies at issue in this case provided coverage from September 16, 2014 to September 16, 2015 ("the 2014-2015 Policy"), and from September 16, 2015 to September 16, 2016 ("the 2015-2016 Policy"). Twin City filed this action seeking a declaration that it has no duty to defend or indemnify Moffett under either policy.  In his

Answer to Twin City's Complaint, Moffett includes a Counterclaim asserting that he is owed coverage under the 2014-2015 Policy. Twin City asserts that neither policy insures against the malpractice claims brought against Moffett, because both policies contain a "prior knowledge" exclusion that precludes coverage for any claim arising out of a negligent act that occurred prior to the inception date of the policy if Moffett also knew or could reasonably have foreseen, prior to the inception date of the policy, that such negligent act might be the basis of a claim.

Attorney Moffett is a named defendant in the two underlying legal malpractice actions currently pending in Louisiana state court.  The underlying actions arise from Moffett's representation of James D. Cupit and Shawn M. Cupit ("the Cupits") in connection with a wrongful death and survival action arising from the death of their wife and mother, Martha Jane Cupit, filed in Louisiana.

In May of 2007, following the death of Martha Cupit, the Cupits hired Attorney Moffett to represent them in bringing wrongful death claims.  Moffett associated Attorney Roger R. Burgess, Esq. ("Burgess") and Baggett, McCall, Burgess, Watson & Gaughan, LLC ("BMBWG") in September of 2007 to jointly represent the Cupits and prosecute their claims.

On May 16, 2008, Burgess and BMBWG filed suit on behalf of the Cupits, alleging survival and wrongful death claims, in Concordia Parish, Louisiana, styled <u>Cupit et al. vs. Progressive Security</u>

Insurance Company, et al., No. 43563 7th JDC, Parish of Concordia, State of Louisiana ("the Wrongful Death Action").  On April 25, 2013, the Wrongful Death Action was dismissed for want of prosecution.  In the Malpractice Actions, the Cupits allege that Moffett failed to remain in contact with Burgess or BMBWG, or monitor the status of the Wrongful Death Action, and that Moffett first learned that the Wrongful Death Action had been dismissed in July of 2014.

Following dismissal of the Wrongful Death Action and denial of the motion to set aside the dismissal, the Cupits, on September 1, 2015, filed an action alleging claims for legal malpractice, styled Shawn M. Cupit, Individually and o/b/u James D. Cupit (Deceased) v. Roger G. Burgess; Baggett, McCall, Burgess, Watson & Gaugiian, LLC; Joseph B. Moffett; ABC Insurance Company; and XYX Insurance Company, No. 49476B 7th JDC, Parish of Concordia, State of Louisiana ("the First Malpractice Action").  On September 14, 2015, the Cupits filed another action alleging claims for legal malpractice, styled Shawn M. Cupit, Individually and o/b/u James D. Cupit (Deceased) v. Twin City Fire Insurance Company; Roger G. Burgess; Baggett, McCall, Burgess, Watson & Gaughan, LLC; Joseph B. Moffett; and ABC Insurance Company, No. 2015-3680B 14th JDC, Parish of Calcasieu, State of Louisiana ("the Second Malpractice Action").

The petitions in both Malpractice Actions allege that Moffett knew in July 2014 that the Wrongful Death Action had been

3

dismissed, that he knew in June 2015 that the motion to set aside the dismissal had been denied, and that Moffett told Shawn Cupit that he should consider bringing a legal malpractice claim if the court refused to reinstate the wrongful death action. (Malpractice Actions at ¶¶ 22-23).

Moffett was served with the Second Malpractice Action on September 23, 2015, and with the First Malpractice Action on September 24, 2015. (Counterclaim at ¶ 16). Moffett alleges that in early September of 2015, he notified a Twin City representative about the circumstances surrounding the Malpractice Actions.

Both the 2014-2015 and 2015-2016 Policies provide coverage on a "claims-made and reported" basis, for claims against an insured arising out of various failures in the performance of professional legal services, but subject to the terms, conditions and exclusions in the policies. Both policies contain a prior knowledge exclusion:

> This insurance does not apply to **claims** . . .
> . . .
> Arising out of a negligent act, error, omission, **personal injury** [or **non-profit service**] occurring prior to the inception date of this policy if any **insured** prior to the inception date knew or could have reasonably foreseen that such negligent act, error, omission or **personal injury** might be expected to be the basis of a **claim**.

(2014-2015 Policy § II.8)(the prior knowledge exclusion in the 2015-2016 Policy § III.9 is identical to the exclusion in the 2014-2015 Policy except that it adds the bracketed and underlined

4

language).

The 2014-2015 Policy's definition of "Claim" and the Policy's reporting requirements, to which Moffett cites in his Counterclaim, are as follows:

> **E. DEFINITIONS**
> . . .
> 2. **Claim** means:
>
> a. A demand received by an **insured** for money or services alleging a negligent act, error, omission or **personal injury** in the rendering of or failure to render **professional legal services** for others by you or on your behalf; or
>
> b. Service or receipt of a suit or arbitration proceedings or any other alternative dispute resolution proceeding in which **damages** are claimed.
> . . .
>
> **A. NOTICE OF CLAIM OR AWARENESS OF CIRCUMSTANCES**
>
> 1. Reporting of circumstances which may give rise to a claim
>
> If, during the policy period or applicable extended reporting period, an insured first becomes aware of a circumstance that may give rise to a claim, ***the insured must give written notice in accordance with SECTION III: CONDITIONS-CLAIMS***, A. Claims subsequently made against an insured arising out of that circumstance will be considered to have been made and reported during the policy period.
>
> 2. Insured's duties in the event of a claim or circumstances which may give rise to a claim
>
> a. You and any other involved insured must see to it that we are notified immediately, but in no event later than sixty (60) calendar days after the expiration date of the policy period or applicable extended reporting period of any circumstance which may give rise to a claim.
> To the extent possible, ***written notice*** should include:

    I. The specific negligent act, error, omission or personal injury including the date(s) thereof; and

    ii. The damages that may reasonably result; and

    iii. The date and circumstances by which an insured became aware of the negligent act, error, omission or personal injury

    b. If a claim is received by an insured you must:

    I. Immediately record the specifics of the claim and the date received; and

    ii. Notify us as soon as practicable.

    ***You and any other involved insured must see to it that we receive written notice of the claim immediately***, but in no event later than sixty (60) calendar days after the expiration date of the policy period or applicable extended reporting period.

    c. You and any other involved insured must:

    I. Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim; and

    ii. Authorize us to obtain records and other information; and

    iii. Cooperate with us in the investigation, settlement or defense of the claim; and

    iv. Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to an insured because of damages to which this insurance may also apply.

(2014-2015 Policy § III)(emphasis added).

    The applicable legal standards for the plaintiff's Rule 12(c) and Rule 12(b)(6) motions in this case are as follows: Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings, and Rule 12(b)(6) allows a party to seek

dismissal of counterclaims if those claims fail to state a claim for relief.  Fed. R. Civ. P. 12(b)(6) and 12(c).  "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)."  Doe v. MySpace, Inc., 528 F.3d 413, 418 (5th Cir. 2008)(citations omitted).

Both motions are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."  Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002).  "The Court construes the pleadings in the light most favorable to the non-moving party, accepting all well-pleaded facts as true, and asks whether Defendants in this case would be able 'to prevail under any set of facts or any possible theory that could be proven consistent with its denials in the Answer and the affirmative defenses therein.'"  Nationwide Prop. & Cas. Ins. Co. v. Polk, 2015 WL 6442290, at *2 (S.D. Miss. Oct. 23, 2015).

"A motion brought pursuant to Fed.R.Civ.P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." Hebert Abstract Co. v. Touchstone Props., Ltd., 914 F.2d 74, 76 (5th Cir. 1990)(per curiam)(citing 5A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1367, at 509-10 (1990)).

"Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." Hughes v. Tobacco Inst., Inc., 278 F.3d 417, 420 (5th Cir. 2001)(citing Voest-Alpine Trading USA Corp. v. Bank of China, 142 F.3d 887, 891 (5th Cir. 1998)). "The issue is not whether the [non-moving party] will ultimately prevail, but whether he is entitled to offer evidence to support his claim.  Thus, the court should not dismiss the claim unless the [non-moving party] would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the [non-moving party's pleading]." Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)(per curiam)(citations omitted).

In his Answer, Counterclaims, and Response to Twin City's motions, Moffett claims alternatively that he gave the requisite notice or that he was thwarted in his efforts to do so by Twin City's agents.  Rule 12(b) provides that if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."  Moffett requests that Twin City's motions be converted to motions for summary judgment "and that the Court should afford the parties the procedural safeguards of Fed.R.Civ.P.

56, including an opportunity to conduct discovery on the genuine issues of material fact."  Response, p. 2.

"The only way to test the merit of a claim if matters outside the bounds of the complaint must be considered is by way of a motion for summary judgment.  In that event, if a motion to dismiss has been filed, the court must convert it into a summary judgment proceeding and afford the plaintiff a reasonable opportunity to present all material made pertinent to a summary judgment motion by Fed.R.Civ.P. 56."  Murphy v. Inexco Oil Co., 611 F.2d 570, 573 (5th Cir. 1980)(citing Arrington v. City of Fairfield, 414 F.2d 687 (5th Cir. 1969); 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1366 at 679 (1969)).

Therefore, the Court shall deny the plaintiff's Motion for Judgment on the Pleadings and to Dismiss Counterclaims, and direct that a scheduling order be entered allowing discovery and allowing either or both parties to file motions for summary judgment.

Accordingly,

IT IS HEREBY ORDERED that the plaintiff Twin City Fire Insurance Company's Motion for Judgment on the Pleadings and to Dismiss Counterclaims **(docket entry 7)** is DENIED;

FURTHER ORDERED that a scheduling order shall be entered.

SO ORDERED, this the 13th day of September, 2016.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE